IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TERRENCE ANTOINE MCARTHUR,

      Movant,

v.                        **Case No. 3:16-cv-12059**
                                **Criminal Case No. 3:11-cr-00055**

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant Terrence Antoine McArthur's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 120),[1] and Respondent's Motion to Dismiss, (ECF No. 134). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Movant's motion is moot due to his release from custody. Therefore, the undersigned respectfully **RECOMMENDS** that the § 2255 motion be **DENIED**; the motion to dismiss be **GRANTED**; and this matter be **DISMISSED, with prejudice,** and removed from the docket of the Court.

---

[1] The docket entries cited in this PF & R correspond to McArthur's criminal case number: 3:11-cr-00055.

## I.    **Factual and Procedural Background**

### A. *First Supervised Release Revocation*

In August 2012, McArthur was convicted of possession with intent to distribute a quantity of heroin in violation of federal law. This Court sentenced him to a term of incarceration followed by three years of supervised release. (ECF No. 61). McArthur was released from prison in March 2013. (ECF No. 66). However, he admittedly violated the terms of his supervised release; therefore, the Court revoked his supervised release. (ECF Nos. 83, 84, 90). McArthur requested a lenient sentence, arguing that he was discharged from prison with no support system, resources, or residence and that he suffered from a drug addiction. (ECF No. 90 at 10-11). Nevertheless, when confronted with the evidence of McArthur's numerous violations, the Court determined that the maximum sentence under the advisory United States Sentencing Guidelines ("Guidelines") was appropriate. (*Id.* at 13). The Court sentenced McArthur to 18 months of incarceration to be followed by 18 months of supervised release in which the first six months of the supervised release would be served in a community confinement center (collectively referred to as McArthur's "first supervised release revocation sentence"). (ECF No. 84 at 1-2).

McArthur filed an appeal in the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), arguing that he should have received a lesser first supervised release revocation sentence, because he was not placed in a community confinement center upon his release from incarceration, which would have provided a smoother transition back into society. (ECF No. 92 at 2-3). On appeal, the Fourth Circuit found that the sentence was within the statutory maximum, as well as the sentencing range stated in the Guidelines. (*Id.*). The Fourth Circuit noted that this Court considered McArthur's argument that he should have been placed in a community confinement center after his

incarceration and included that condition in McArthur's first supervised release revocation sentence. (*Id.*). The Fourth Circuit affirmed this Court's judgment on March 18, 2015. (ECF No. 93).

### B. Second Supervised Release Revocation

On February 3, 2016, McArthur discharged his 18-month term of incarceration and began serving 18 months of supervised release on his first supervised release revocation sentence. (ECF No. 96 at 1). However, McArthur's supervised release was once again revoked due to repeated violations of the terms of his release. (ECF Nos. 111, 113, 131). McArthur was sentenced on September 26, 2016 to 15 months of incarceration with no subsequent term of supervised release (McArthur's "second supervised release revocation sentence"). (ECF No. 113). On December 7, 2016, McArthur appealed his 15-month second supervised release revocation sentence, stating that the Court "made a procedural error and it was plainly unreasonable in that it exceeded the statutory maximum allowed." (ECF No. 117 at 1).

### C. § 2255 Motion

On the same date that McArthur appealed his second supervised release revocation sentence, McArthur filed the instant motion under § 2255. (ECF No. 120). McArthur raised three challenges under § 2255, one of which concerned his first supervised release revocation sentence and two claims that concerned his second supervised release revocation sentence. (*Id.*). As to his first supervised release revocation sentence of 18 months of incarceration and 18 months of supervised release, McArthur argued that the Court did not address his request for a sentence below the range stated in the Guidelines or explain the reason for the sentence imposed. (*Id.* at 5-6). Regarding his second supervised release revocation sentence of 15 months incarceration, McArthur asserted

3

that the sentence "was not within the Guidelines range and therefore exceeded the statutory maximum," (*Id.* at 4), and that his attorney rendered ineffective assistance of counsel when he "failed to ask the Court for a sentence of six months or less based on all of the imprisonment [that McArthur] had already served [on the original conviction and his first supervised release revocation sentence."] (*Id.* at 7).

The United States filed a response and motion to dismiss McArthur's § 2255 motion. (ECF No. 134). The United States contended that McArthur's challenge to his second supervised release revocation sentence was premature in light of his pending direct appeal. (ECF No. 134 at 3-4). Furthermore, the United States asserted that McArthur's appeal was untimely, and he was thus procedurally defaulted from raising the same claim in this § 2255 action. (*Id.* at 5-6). The United States also argued that McArthur's sentence did not exceed the statutory maximum; McArthur's counsel argued for and the Court considered a lesser sentence; and McArthur's counsel was not ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). McArthur filed a reply to the United States' response, stating that his § 2255 motion should be allowed to move forward based on "extraordinary circumstances." because he did not intend to file the untimely direct appeal and his attorney failed to file the direct appeal on time. (ECF No. 136 at 3-5). McArthur also maintained that his sentence was an abuse of discretion and that his counsel was unconstitutionally deficient. (*Id.* at 6-7).

### D. Appeal and Release from Custody

A few weeks after McArthur filed his reply in this matter, the Fourth Circuit dismissed as untimely McArthur's appeal of his second supervised release revocation sentence. (ECF Nos. 138 through 141). The Fourth Circuit dismissed the appeal by order entered on March 21, 2017 and there is no record that McArthur petitioned for a writ of

certiorari in the United States Supreme Court ("Supreme Court"). Rather, the final record in the docket is a letter from McArthur dated in October 2017 inquiring regarding the status of his § 2255 motion. McArthur was released from custody in November 2017, the month after he wrote the foregoing letter. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited Sept. 4, 2018).

## II.    <u>Discussion</u>

McArthur's § 2255 motion challenges the length of his supervised release revocation sentences. (ECF No. 120). However, as noted above, McArthur has fully served both of the sentences that he challenges under § 2255. It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although McArthur's subsequent release did not deprive the Court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, when a federal prisoner files a habeas corpus petition seeking relief from a sentence, his release from custody may render the petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

In this case, McArthur does not challenge the validity of his conviction or argue that his terms of supervised release should not have been revoked. In fact, McArthur freely admitted to the Court that he violated the terms of his supervised release. (ECF Nos. 90 at 4, 131 at 6). Rather, McArthur challenges only the length of his sentence, a controversy which was clearly dispelled by his unconditional release from custody. *Cf. United States v. Major*, 693 Fed. Appx. 267, 268 (4th Cir. 2017) (discussing that a prisoner's release from incarceration did not render moot his appeal because he remained

on supervised release, and the district court could, in its discretion, alter any aspect of his otherwise statutorily mandated sentence, including the supervised release terms.).

Moreover, McArthur does not assert that any collateral consequences continued after the expiration of his sentence, nor are any collateral consequences presumed in his case. *Sites v. United States*, No. 2:02-CR-9, 2016 WL 3349318, at *3 (N.D.W. Va. June 15, 2016) ("However, the Fourth Circuit has held that the presumption of collateral consequences does not include revocation of supervised release ... Therefore, to challenge the revocation of his supervised release, a petitioner must demonstrate a concrete, ongoing injury-in-fact, attributable to the revocation.") (citing *United States v. Hardy*, 545 F.3d 280, 284 (4th Cir. 2008).

Finally, the capable of repetition, but evading review, exception is inapplicable because there is no reasonable expectation that McArthur will face the same set of circumstances in the future. Hypothetically, McArthur would have to be convicted of another federal crime for which he was sentenced to periods of supervised release, and he would have to violate the terms of his supervised release in a manner such that he would even potentially face the same revocation sentences that he complains of in his § 2255 motion. Therefore, given McArthur's release from custody and the absence of collateral consequences or a reasonable expectation that the challenged action is capable of repetition, yet evading review, the undersigned **FINDS** that McArthur's § 2255 motion is moot. *Sites*, 2016 WL 3349318, at *3; *United States v. Missouri*, 464 Fed. Appx. 128 (4th Cir. 2012) (dismissing appeal as moot when the prisoner was "released from federal custody, his sentence did not include a term of supervised release, and there are no continuing collateral consequences from the district court's amended judgment on revocation of supervised release"); *Spencer v. Kemna*, 523 U.S. 1, 14-15 (1998).

Furthermore, in addition to being moot, McArthur's challenge to his first supervised release revocation sentence is untimely. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

"Under 28 U.S.C. § 2255(f)(1), a revocation of supervised release becomes 'final' upon the expiration of the time to seek direct review." *United States v. Loiseau*, No. 3:97-CR-344, 2018 WL 2124092, at *2 (E.D. Va. May 8, 2018) (citing *Clay v. United States,* 537 U.S. 522, 525 (2003)). Here, McArthur appealed his first supervised release revocation sentence to the Fourth Circuit and the Fourth Circuit affirmed this Court's judgment on March 18, 2015. (ECF No. 93). McArthur did not seek a writ of certiorari in the Supreme Court. Therefore, his revocation became final upon the expiration of 90 days, the time period within which McArthur could have petitioned for a writ of certiorari. *Clay,* 537 U.S. at 525 ("For the purpose of starting the clock on § 2255's one-year limitation period ... a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); SUP. CT. R. 13(1) ("[A] petition for a writ of certiorari ... is timely when it is filed with the Clerk of this

Court within 90 days after entry of the judgment."); SUP. CT. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."). McArthur's conviction became final in June 2015 and he had one year to file a motion under § 2255, but he did not file this action until December 2016. (ECF No. 120). Therefore, the undersigned **FINDS** that McArthur's challenge to his first supervised release revocation sentence is untimely under the AEDPA.

Additionally, the United States argues that McArthur's claims regarding his second supervised release revocation sentence are procedurally defaulted in this § 2255 action. As a general rule "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.* Furthermore, if a prisoner raises claims on direct appeal, the prisoner cannot utilize § 2255 to relitigate the claims that were decided by the court of appeals. *United States v. Rush*, 99 Fed. Appx. 489, 490 (4th Cir. 2004) ("An issue previously decided on direct appeal may not be raised on collateral review.") (citation omitted); *Bell v. United States*, No. CIV. PJM 13-1682, 2014 WL 7048132, at *3 (D. Md. Dec. 9, 2014), *appeal dismissed,* 599 Fed. Appx. 505 (4th Cir. 2015) ("A petitioner cannot re-raise arguments in a § 2255 motion that were already raised on direct appeal.") (citations omitted); *Barker v. United States,* No. 1:04CR68, 2010 WL 3944769, at *1 (N.D.W. Va. Oct. 7, 2010) (agreeing that "Barker's claim that his sentence was greater than necessary was procedurally barred because the claim was rejected on direct appeal.").

9

The United States agrees that McArthur raised in his direct appeal the same challenge to his second supervised release revocation sentence that is asserted in this action. (ECF No. 134 at 4). However, the United States argues that because the direct appeal was untimely, the claim is procedurally barred under § 2255. Despite those factors, McArthur also raises a claim that his counsel was constitutionally deficient in failing to argue that McArthur was entitled to a lesser second supervised release revocation sentence due to the amount of time that McArthur already served. Although the issue is intertwined with McArthur's challenge to his second supervised release revocation sentence itself, a "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro*, 538 U.S. at 509. Therefore, the undersigned **FINDS** that, at a minimum, McArthur's ineffective assistance of counsel claim is not procedurally barred under § 2255. However, such issue is moot because, as stated above, McArthur was released from custody and is no longer serving the allegedly unconstitutional sentence.

## III.    **Proposal and Recommendations**

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 120), be **DENIED**; Respondent's Motion to Dismiss, (ECF No. 134), be **GRANTED**; and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** September 6, 2018

Cheryl A. Eifert
United States Magistrate Judge

11